IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GUADALUPE MACIAS-MARTINEZ,

                        Petitioner,

      v.

WARDEN HOLINKA, Oxford Correctional Institution,

                        Respondent.

ORDER

09-cv-691-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Guadalupe Macias-Martinez, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, is serving a sentence imposed in the Eastern District of Wisconsin. He has filed a pleading styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5 filing fee. In the petition, he seeks to compel respondent Holinka to credit against his federal prison term the time he served in state custody on a sentence that was to run concurrently with his federal sentence. Specifically, petitioner asks that he be credited for time served between January 11, 2008 to October 30, 2008.

---

[1] At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

Although petitioner is properly challenging the execution of his sentence by presenting his claims in a petition for a writ of habeas corpus under § 2241, I cannot issue an order to show cause at this time. The allegations in his petition and the document attached to his petition fail to show that respondent is illegally denying him sentence credit. Petitioner relies on 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Thus, before petitioner is entitled to relief, it must appear from his petition that he was imprisoned before the date his federal sentence commenced, that his preconviction detention was related to the federal sentence he is serving or was the result of another charge for which he was arrested after the federal offense and that the detention has not been credited to another sentence.

Petitioner provides none of the information necessary to decide whether he is entitled to relief. The document petitioner submitted shows only that he was sentenced to serve 52 months on his federal sentence and that his federal sentence was to run concurrently with his state sentence in case number 03CF000137. There is no information about the dates petitioner commenced service of his federal sentence or of any state sentence. Nor is there

any information regarding why or how long he was imprisoned before the start of his federal sentence. In addition, petitioner should be aware that, regardless of the fact that his federal sentence was to run concurrently with his state sentence, if his imprisonment between January 11, 2008 and October 30, 2008 was credited toward his state sentence, he would not be entitled to double credit for that time. United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000) ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence."); United States v. Walker, 98 F.3d 944, 945 (7th Cir. 1996) (under § 3585, "you can get credit against only one sentence").

Accordingly, when petitioner submits his amended petition, he should submit evidence showing that respondent has violated § 3585(b). In particular, petitioner should submit his sentence calculation prepared by the Bureau of Prisons and any documents that would show whether his incarceration between January 11, 2008 and October 30, 2008 was credited toward his state sentence.

Finally, I note that petitioner has not submitted the administrative record created as a result of his exhaustion of administrative remedies, which he alleges he has completed. Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir. 1986) (ordinarily, federal prisoners are required to exhaust administrative remedies before petitioning for writ of habeas corpus). Although petitioner is not required to submit his exhaustion materials, he is encouraged to do so because they may be useful in considering his claim.

ORDER

IT IS ORDERED that petitioner Guadalupe Macias-Martinez may have until January 11, 2010, to provide additional evidence showing that respondent Holinka has denied him sentence credit in violation of 18 U.S.C. § 3585. If petitioner does not respond to this order by January 11, I will dismiss this case for petitioner's failure to show that he is in custody in violation of federal law.

Entered this 14th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge