IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GUADALUPE MACIAS-MARTINEZ,

                                                          OPINION and ORDER

               Petitioner,

                                                          09-cv-691-slc[1]

     v.

WARDEN HOLINKA, Oxford Correctional
Institution,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Guadalupe Macias-Martinez, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, is serving a sentence imposed on him in the Eastern District of Wisconsin. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to compel respondent Holinka to credit against his federal prison term the time he served in state custody on a sentence that was to run concurrently with his federal sentence. Specifically, petitioner asks that he be credited for time served between January 11, 2008 to October 30, 2008. On December 14, 2009, I asked petitioner to submit

---

[1] At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. For the sole purpose of issuing this order, I am assuming jurisdiction over the case.

1

additional evidence, including his sentence calculation prepared by the Bureau of Prisons and any documents that would show whether his incarceration between January 11, 2008 and October 30, 2008 was credited toward his state sentence.  On December 23, 2009, petitioner submitted the requested information.  From those documents, I find the following facts.

FACTS

On January 11, 2008, petitioner was sentenced to 90 days in jail in state case no. 07-CM-003064.  On March 17, 2008, he was sentenced to incarceration for 18 months and 7 days for violation of supervision in state case no. 03-CF-000137.

On October 30, 2008, while petitioner was serving his state sentence, he was sentenced in the United States District Court for the Eastern District of Wisconsin in case no. 08-CR-93, to a 52-month term of imprisonment to be followed by a three-year term of supervised release.  The federal sentence was to run concurrently with the remainder of his state sentence in case no. 03-CF-000137.

On January 13, 2009, petitioner was released from his state sentence and turned over to the United States Marshals Service to serve the remainder of his federal sentence, which began running on October 30, 2008.  Petitioner's sentence computation shows that his sentence began running on the day he was sentenced, October 30, 2008, and that he was

2

awarded prior custody credit from July 12, 2007 through January 10, 2008.

Petitioner did not receive credit for the time from January 11, 2008 until October 30, 2008 because he was serving two state sentences, and he had not yet been sentenced in his federal case.

OPINION

Petitioner argues that he should have received credit towards his federal sentence for the time he served on his state sentences from January 11, 2008 until October 30, 2008. The law does not support his argument.

> Under 18 U.S.C. § 3585(b),
>
> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

(Emphasis added.) Petitioner received credit on his state sentences for the time he served from January 11, 2008 to October 30, 2008 in cases nos. 07-CM-003064 and 03-CF-000137. By law, he was not entitled to credit for this time on his federal sentence.

3

Petitioner's federal sentence was imposed to run concurrently with the remainder of his state sentence in case no. 03-CF-000137; it did not reach back to run concurrently with time petitioner had served before he was sentenced in federal court.  As of October 30, 2008, it began running concurrently with his previously imposed state sentence, which had been running a little more than nine months at that point.

Regardless whether his federal and state sentences run concurrently, plaintiff cannot obtain *credit* for time served prior to the date his federal sentence commenced when that time was credited against another sentence.  Simply put, petitioner is not entitled to credit for the time he served on his state sentence from January 11, 2008 to October 30, 2008 because that time was credited to his state sentence and it predated the commencement of his federal sentence.  United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000) ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence."); United States v. Walker, 98 F.3d 944, 945 (7th Cir. 1996) (under § 3585, "you can get credit against only one sentence").  Therefore, respondent Holinka has not violated 18 U.S.C. § 3585 and petitioner's petition for a writ of habeas corpus will be dismissed.

ORDER

IT IS ORDERED that

1. Petitioner Guadalupe Macias-Martinez's petition for a writ of habeas corpus under 28 U.S. C. § 2241 is DISMISSED for his failure to show that he is custody in violation of the Constitution or laws of the United States.

2. The clerk of court is directed to enter judgment in favor of Warden Holinka and close the case.

Entered this 18th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge